UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CESAR GONZALEZ SOLIS, ) | CASE NO. C08-1453-MJP |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| A. NEIL CLARK, Field Office Director, ) | |
| U.S. Immigration and Customs Enforcement, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Cesar Gonzalez Solis, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 9). Petitioner argues that his detention is unlawful because he is unable to pay the $30,000 bond amount imposed by the Immigration Judge, and requests that this Court order the Immigration Judge to hold a hearing "wherein the government bears the burden of persuasion that the Petitioner is a flight risk or a danger to society." (Dkt. 13 at 9). Respondent has moved to dismiss, arguing that petitioner has received a bond hearing, and that no further custody review is necessary or warranted. (Dkt. 11).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition, Dkt. 9, be DENIED, and that respondent's motion to dismiss, Dkt. 11, be GRANTED.

REPORT AND RECOMMENDATION
PAGE -1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala who entered the United States without inspection at El Paso, Texas, in March 1978. (Dkt. 12 at L60-61). Petitioner subsequently adjusted his status to that of lawful permanent resident on August 22, 1991. (Dkt. 12 at R115).

On August 29, 2006, petitioner was convicted in the Superior Court of Washington For King County of Violation of the Uniform Controlled Substances Act ("VUSCA"), Possession of Cocaine, and was sentenced to six months incarceration. (Dkt. 12 at L19-22). On March 20, 2007, petitioner was convicted again in King County Superior Court of VUSCA, Possession of Cocaine, and was sentenced to one year incarceration and one year probation. (Dkt. 12 at L26-29).

ICE encountered petitioner on April 10, 2006, at the Washington Corrections Center in Shelton, Washington, where he was serving his criminal sentence. (Dkt. 12 at L31). ICE issued an immigration detainer for petitioner, and, on August 17, 2007, petitioner was transferred to ICE custody upon his release from state custody. (Dkt. 12 at R17, R115). ICE issued a Notice to Appear ("NTA"), charging petitioner with removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), which provides for removal of an alien convicted of an aggravated felony as defined by INA § 101(a)(43)(A). (Dkt. 12 at L13-15). On August 20, 2007, ICE made an initial custody determination and granted petitioner release on $25,000 bond. (Dkt. 12 at L5). Petitioner did not post bond and remained detained throughout his removal proceedings.

On September 12, 2007, ICE filed Additional Charges of Inadmissability/Deportability, withdrawing the original charge of removability issued on August 20, 2007, and charging

petitioner with removability under INA § 237(a)(2)(B)(i), which provides for removal of an alien convicted of a violation of any law relating to a controlled substance. (Dkt. 12 at R175-76).

On October 4, 2007, an Immigration Judge ("IJ") denied petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordered him removed to Guatemala. (Dkt. 12 at L166-70, R189). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on January 9, 2008. (Dkt. 12 at L190-91). Petitioner filed a Petition for Review of the BIA's decision and a request for stay of removal. (Dkt. 12 at L193-96). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay of removal to automatically issue. *See Solis v. Mukasey*, No. 08-70381 (9th Cir. filed Jan. 28, 2008). Petitioner's petition for review remains pending in the Ninth Circuit.

On April 9, 2008, ICE completed a Post Order Custody Review of petitioner's case and determined that petitioner should remain detained, stating, in part, as follows:

> A review of you're a-file reveals no information that would support your release from custody. You were provided advance notice of a pending file review. However, you submitted no documents that would suggest you should be released from custody. Rather, your extensive criminal record indicates a complete lack of regard for U.S. laws and public safety. No information within your file indicated any attempts at rehabilitation or acceptance of responsibility for your crimes. For these reasons you would pose a significant threat to the public should you be release from custody. Additionally, you have attempted to avoid removal from the U.S. You do not appear to be eligible for relief from removal due to your criminal convictions as stated in the BIA order. Should you be released from custody ICE has reason to believe that you would abscond and not show up for removal from the U.S. For these reasons you are considered a significant flight risk.

(Dkt. 12 at L199-200, R202-11).

On July 25, 2008, the Ninth Circuit issued decisions in *Casas-Castrillon v. D.H.S.*, 535

F.3d 942 (9th Cir. 2008) and *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), addressing the lawfulness of detention of non-citizens who have appealed their cases to the court of appeals and obtained a stay of removal. On September 30, 2008, petitioner filed the instant habeas petition, arguing that he is entitled to a bond hearing before a neutral adjudicator pursuant to those cases. (Dkt. 6). On October 17, 2008, however, petitioner was provided with a bond hearing before an IJ, who set bond in the amount of $30,000. (Dkt. 12 at L214). Petitioner did not appeal the IJ's bond determination, and remains detained.

On November 19, 2008, respondent filed a Return Memorandum and Motion to Dismiss arguing that petitioner has been provided the relief he was seeking and that his habeas petition should be dismissed as moot. (Dkt. 11). On December 22, 2008, petitioner filed an untimely response to the government's motion to dismiss, arguing that he cannot afford the $30,000 bond amount imposed by the IJ, and that the burden of proof at the hearing was placed on the wrong party. (Dkt. 13). The Court ordered respondent to submit additional briefing addressing the issues raised in petitioner's response. (Dkt. 14). Respondent filed a reply on January 23, 2009. (Dkt. 15). The habeas petition and motion to dismiss are ripe for review.

### III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See* INA § 236, 8 U.S.C. § 1226. Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241,

8 U.S.C. § 1231. The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1). Section 241(a)(1)(B) provides:

The <u>removal period</u> begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added). Pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision. *See Prieto-Romero,* 534 F.3d at 1059.

In the present case, the Ninth Circuit has issued a stay pending its review of petitioner's administrative removal order. Accordingly, petitioner is detained pursuant INA § 236(a)*Prieto-Romero,* 534 F.3d at 1062 ("Because Prieto-Romero filed a petition for review and our court entered a stay, his detention is governed by § 1226(a); only if we enter a final order denying his petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a).").

The Ninth Circuit has determined that even though an alien's continued detention is authorized by INA § 236(a), "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Prieto-Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. at 690-91). The Ninth Circuit held that an alien has the right

REPORT AND RECOMMENDATION
PAGE -5

to contest the necessity of his detention before a neutral decision maker and an opportunity to appeal that determination to the BIA. *See Prieto-Romero*, 534 F.3d at 1066.

In this instance, the administrative record shows that petitioner received a bond redetermination hearing on October 17, 2008, before an IJ who granted him release on bond in the amount of $30,000. (Dkt. 12 at L214). Thus, petitioner "had an opportunity to contest the necessity of his detention before a neutral decision-maker and an opportunity to appeal that determination to the BIA." *See Prieto-Romero*, 534 F.3d at 1065-66. Petitioner argues, however, that the IJ should have placed the burden on the government to prove that he was not a flight risk or a danger to the community. (Dkt. 13 at 1 and 9). The Court need not resolve this issue because petitioner cannot show prejudice. *See Prieto-Romero*, 534 F.3d at 1066 (citing *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir. 1994) (holding that due process violations in immigration proceedings are susceptible to harmless error analysis)).

The relevant determination in a bond hearing is whether the petitioner presents a danger to the community or a flight risk. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In *Prieto-Romero*, the Ninth Circuit found that in setting bond at $15,000, "the IJ necessarily found – even with the burden of proof on the alien – that Prieto-Romero did *not* present a flight risk or a danger to the community, and thus merited release from custody." Id. at 1067. The Ninth Circuit determined that Prieto-Romero was not entitled to habeas relief, because he could not show that "the alleged due process violation adversely affected the IJ's determination that he was eligible for bond." *Id.* at 1067. Here, as in *Prieto-Romero,* the IJ determined that petitioner merited release on bond in the amount of $30,000. Accordingly, petitioner cannot show that the alleged due process violation – the burden of establishing eligibility for release – affected the IJ's

determination that he was eligible for bond.

Petitioner also argues that the IJ set an excessively high bond amount. (Dkt. 13). Respondent argues that the Court lacks jurisdiction to reach the merits of this claim. (Dkt. 15). The Court agrees with respondent.

Section 236(e) of the INA does not permit the Court to review the IJ's discretionary decision regarding the reasonableness of the bond amount, even if petitioner cannot afford to post it. *Prieto-Romero*, 534 F.3d at 1067. That provision provides: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." INA § 236(e), 8 U.S.C. § 1226(e). Petitioner asks this Court to "second-guess the IJ's discretionary assessment of the bond amount required to secure his presence at removal in the event that his petition for review is denied." *Id.* The Court has no authority to reach the merits of this claim.

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition, Dkt. 9, be DENIED, that respondent's motion to dismiss, Dkt. 11, be GRANTED, and that this matter be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 4th day of February, 2009.

Mary Alice Theiler
United States Magistrate Judge